Per Curiam.
It appeared in this case, that the complainant, together with one Roulston, being indebted to McNutt, Findlay & Co. in the sum of $2,450, gave two notes, with the defendant and Lancaster sureties for the same, payable in 1807 and 1808. In 1811, the greater part of the notes being unpaid, Vance and Roulston conveyed two tracts of land absolutely to Lancaster, and Lancaster the same day executed a bond to them in $1,000, stating the land was conveyed to Lancaster to indemnify him in being their surety, and that Lancaster agreed to pay one third part of the balance due on said notes to the said firm. On the same day Lancaster executed another bond to Vance alone in $1,000, with the following condition : “Whereas Vance has made a conveyance to Lancaster of 640 acres, to keep him from suffering as surety for Vance and Roulston, for a sum contracted with McNutt, Findlay & Co., now if Vance shall pay up the debt, and costs, if any there be, to said firm, or keep the said Lancaster indemnified in any suit or suits that may be brought against him on that account, by paying up such costs aforesaid, by putting sufficient good property in Smith County, so as to keep the said J ohn from damages, or to pay up the said John Lancaster the full amount of said debt, interest, and costs, on or before the first day of April, 1812, and by that means the said John Lancaster reconvey the said land back to the said Vance.” Lancaster did not pay the one third part or any part of the sum due to McNutt, Findlay & Co., and in the year 1811 judgments were rendered against him on the above notes, for the balance due. Before December term of said court, Lancaster paid part of said recoveries levied of him by execution, and at *said December term, upon motion, took judgment against said Vance and Roulston for the amount recovered against him by said firm, with interest and costs, besides cost of the motion, which last judgment against Vance and Roulston has been since by them paid to Lancaster. The bill is brought to compel a reconveyance of the tract of land before mentioned, conveyed to Lancaster by Vance upon the above case. This is resisted by the *107 defendant, who says that his property having been sold much under its value, upon the executions against him aforesaid, as surety for complainant, that the complainant is not entitled to a decree of this court unless he, the defendant, is allowed the difference money between the real value of his property and its product upon said execution; and to this point he offered to introduce testimony, which was objected to by the complainant. This court is of opinion, that such testimony in this case ought not to be received. For first, admitting that some one stipulation in the bond given by Lancaster to Vance was sufficiently comprehensive in its terms to carry extraordinary damages, or the damages claimed by consequence; yet, this stipulation would be subject to the control of any other stipulation contained in any of those bonds that might have an operation upon it if contained in the same bond; for it is a rule of law, that several deeds made at the same time to effect one object, will be construed as one assurance, and each shall have its distinct operation to carry on the main design ; or, in other words, all deeds in pari materia, are to be construed together. 1 Powel, 410. Now, in the bond given by Lancaster and Vance to Roulston, Lancaster agrees to pay a third part of the debt due and unpaid upon these notes at that time, and there is no allegation, even in the answer, that he did this. This payment, upon a fair construction of the subject, must be taken to be a then present or immediate payment, from a subsequent clause of repayment; and in * this view, operating as a condition precedent, would control the operation of the clause for extraordinary damages. Secondly, upon these bonds, other cases are made by the parties, the performance of either of which by Vance discharges his part of the obligation, and entitles him to have a performance by Lancaster of his part. One of these cases is expressed in these words, “Now if the said Vance shall pay up the debt, and costs, if any there be, to the said firm.’’ Now if Lancaster did any act inconsistent with this case, it may be fairly considered as amounting to a dispensation therewith. What are the facts relative to this ? Vance having it in his power at any time before the 1st of April, 1812, to pay up the debt due to the firm of McNutt, Findlay & Co., and costs, for which Lancaster was his surety in December, 1811, Lancaster, by motion as surety, takes a judgment against Vance and Roulston for the amount of the recovery of this debt against him in June, 1811, with costs. *108 How do the rights of these parties now stand ? Lancaster, before and at the time he took judgment against Vance and Roulston as their surety, must have paid as surety the debt due to McNutt, Findlay & Co., for this was the gist of his recovery against Vance and Roulston. He, at that time, was entitled to these extraordinary damages, if entitled at all, and by the judgment they must have past in rem judioatam. He cannot now be permitted to say that they were not then passed upon, and not included in the judgment; for the law, discouraging a multiplicity of suits, will not permit a cause of action to be divided, and sustain the suit for a part of the demand only. In this view, also, the testimony is inadmissible. But again, Lancaster having discharged the debt due to McNutt, Findlay & Co. by this judgment against Vance and Roulston, has dispensed with the payment thereof to be made by Vance on or before the 1st day of April, 1812, having done it himself previous to that time, and having made Vance and Roulston his * debtors to the amount for the same. The testimony offered ought not to be admitted.
Roane, Judge,
stated the facts, and proceeded thus: The proof offered by the defendant is to show that this property was sold by the sheriff, at execution sale, for a sum less than its real value. This proof is objected to by the complainant on the ground that a repayment of the principal sum, with interest and costs, is all that can be required. In common cases, a surety paying the debt of his principal cannot require more from him than a repayment of the sum actually paid, with legal interest on his money by way of damages. No doubt many cases of extreme hardship may arise, when money must be raised to satisfy an execution; the payer, in most cases, must incur a loss either by voluntarily parting with his property at a low price, or suffer the sheriff to sell it at a price still more reduced. But to these disadvantages he voluntarily exposes himself when he becomes surety, and the law affords him no relief against his principal for these consequential damages. Our acts of Assembly, giving- summary relief to sureties who have paid the debts of their principal, are predicated on this principle, that a repayment of the sum paid is a complete discharge ; and made no distinction whether the money has been paid by a sale by the officer or not, or whether a greater or less sacrifice has been made in the value so sold. To establish a different rule, would create endless *109 confusion, collusion, combination, and fraud. The surety must rest contented without any remuneration for these extraordinary losses, except the principal voluntarily repairs them, which, in some cases, gratitude ought to excite him to do, or unless there be an express stipulation for that purpose. This leads to the principal inquiry in this case, and that is, whether there be any such express stipulation here; if there be, it must be collected from the expressions contained in the bond given by Lancaster to Vance. It is a penal bond. The * condition was as follows (here ho recited the condition as it is stated in the opinion of the other Judge). It is believed-that no obligation, by the expression used in this bond, is created greater or other than existed before. It only recites the different modes of indemnity, either of which were deemed sufficient, and on the performance of which the land was to be reconveyed. First, a payment by Vance of debt, interest, and costs to the firm. This certainly would have been a complete indemnity. Secondly, by putting a sufficient property in Smith County, to be levied on, so as to keep the said John Lancaster from damages. If this clause had been the only stipulation, it is unnecessary to say how far the breach of such a contract would have made Vance liable to, or accountable for any loss that may have accrued from the difference between the real value of the property and that procured for it at sheriff’s sale; for it seems the parties had in view that a failure on this stipulation might take place ; they therefore provided another alternative which would also operate as an indemnity, which is, thirdly, to pay up to the said John Lancaster, his heirs, &c., the full amount of said debt and interest and costs, on or before the first day of April, 1812. These expressions evidently contemplate a payment of the money to him by a time specified, to be a complete indemnity. There is, therefore, no reason whatever to say, that Vance, by his contract, has placed himself in any other or worse situation, except as to time, than the law had placed him. It follows, as a consequence, that as the testimony offered would be wholly immaterial, that it could not have any effect in the decision of this cause, and must be rejected.
See, as to consequential damages, Asdell v. Sutherland, Peck, 124; Childress v. Yourie, Meigs, 561; Damron v. Roach, 4 Hum. 134; Peyton v. Butler, 3 Hay. 141. See King’s Digest, 3577, 5100 et seq., 10,081.