# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 7, 2003 Session

## CLEMENT BERNARD v. SUMNER REGIONAL HEALTH SYSTEM

**Appeal from the Chancery Court for Sumner County**
**No. 22698-C     Tom E. Gray, Chancellor**

---

**No. M2002-02962-COA-R3-CV - Filed December 22, 2003**

---

This case was dismissed by the trial court on summary judgment for *res judicata*. Plaintiff had previously filed an action against the same Defendant for actions of Defendant surrounding a sexual harassment allegation. The previous action was for procurement of breach of contract and defamation. A final judgment has been rendered in that case. The current action is for failure to follow internal procedures resulting in breach of contract. The issue to be decided on appeal is whether these two cases involve the same "cause of action" necessary for a finding of *res judicata*. We find that they do involve the same "cause of action" and affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Joe Bednarz, Jr., Joe Bednarz, Sr., Nashville, Tennessee, for the appellant, Clement F. Bernard, M.D.

James C. Bradshaw, III, Elizabeth H. Foss, Nashville, Tennessee, for the appellee, Sumner Regional Health Systems, Inc., d/b/a Sumner Regional Medical Center.

## OPINION

Plaintiff, Clement F. Bernard, M.D., filed a previous law suit against Defendant, Sumner Regional Health Systems, Inc. That lawsuit was dismissed on summary judgment, which action was affirmed by this Court. *Bernard v. Sumner Regional*, No. M2000-01478-COA-R3-CV, 2002 WL 459006 (Tenn.Ct.App. Mar.26, 2002). The current action before this court was also filed by Dr.

Bernard against Sumner Regional and is based on the same set of operative facts as the previous action.

The facts underlying both lawsuits are fairly simple and are set out in detail in our prior opinion. *Bernard v. Sumner Regional, Id.* Dr. Bernard began employment with St. Thomas Medical Group, P.L.L.C., on March 10, 1997, pursuant to an employment contract. He began working at the cardiac catherization lab, which was a joint venture between St. Thomas and Sumner Regional on June 23, 1997 and was also granted staff privileges at Sumner Regional Medical Center in June 1997.

In February of 1999, Dr. Bernard gave a presentation to a group of employees from Sumner Regional's Human Resources Department. As a result of this presentation, Dr. Bernard was accused of sexual harassment. An employee of Sumner Regional investigated the charges and informed St. Thomas that Dr. Bernard was no longer welcome at Sumner Regional. Sumner Regional asked that St. Thomas obtain from Dr. Bernard a voluntary resignation of his staff privileges at Sumner Regional. At a meeting attended by three members of St. Thomas Medical Group and their attorney, Dr. Bernard was placed on administrative leave from St. Thomas Hospital and informed that he was not to return to Sumner Regional. He was also asked to sign a letter resigning his staff privileges at Sumner Regional, which he did, and was removed from the staff of the cardiac catheterization unit. His employment contract with St. Thomas was terminated a short time later.

Dr. Bernard's first lawsuit against Sumner Regional was filed on March 28, 1999 and alleged procurement of breach of contract in regard to his contract with St. Thomas and defamation. Summary judgment was granted by the trial court and affirmed by this Court finding that there was no intentional or malicious act inducing breach of contract and that the information relayed by Sumner Regional was not defamatory. *See Bernard v. Sumner Regional*, 2002 WL 459006. While the appeal in his first action was pending, Dr. Bernard then filed a second suit against Sumner Regional that is the subject of this appeal. The second suit was initially filed in Davidson County and dismissed for lack of venue. The suit was subsequently re-filed in Sumner County and ultimately dismissed on the basis of *res judicata*. The second suit, which is the subject of our opinion today, alleged a violation of Dr. Bernard's rights under Sumner Regional's By-Laws, which violation was alleged to constitute a breach of contract.

By Order of September 24, 2002, Chancellor Tom Gray granted Sumner Regional's Motion to Dismiss. Plaintiff's Motion to Alter or Amend was heard on November 8, 2002, and, by Order of November 18, 2002, Chancellor Gray denied Plaintiff's Motion. At the hearing on Plaintiff's Motion to Alter or Amend, the trial judge stated:

> In the first paragraph, the second sentence says, On March 26, 2002 the Court of Appeals issued an order affirming the trial court's granting of summary judgement on the grounds that Dr. Bernard could not establish viable claims for procurement of breach of contract or defamation.

The Court relied upon that sentence, recognizing that what counsel was saying was that the current cause of action against the defendant is a breach of contract. It stems from a contract between Clement Bernard, M.D. and Sumner Regional Medical Health Center, while the other one dealt with procurement of breach of contract.

But I was of the opinion that the argument that they could have and should have all been brought together gave rise to the finding of res judicata.

And then there was a supplemental response by Sumner Regional Health Systems, Incorporated to the motion to dismiss. That's the plaintiff's supplemental response filed September 9, 2002.

So for any facts, the Court was looking at, basically, what was agreed or what was contained in what plaintiff had to say. So the motion to set aside the order of dismissal is denied.

Plaintiff's counsel further requested that the record from the first lawsuit be consolidated with the current record. That request was also denied.

Two issues are presented by Dr. Bernard for review: (1) Whether *res judicata* was properly applied in this matter and the case correctly dismissed; (2) Whether the trial court had sufficient factual information without the record of the previous matter to determine the *res judicata* issue.

We will deal with the second issue first. The salient facts in this matter are not in dispute, those facts being how Dr. Bernard came to lose his hospital privileges at Sumner Regional and his employment with St. Thomas. These facts are agreed on by both parties. Further, this Court has access to, and can take judicial notice of, its opinion in the first case filed by Dr. Bernard, which sets out the facts alleged by Dr. Bernard, the allegations made by Dr. Bernard, and the decision of the trial court in that matter. The current question before this Court boils down to a question of law: Does Dr. Bernard's claim involve a "cause of action" that could have been litigated in a former suit? As there are no material facts in dispute relative to that question and the claims and facts alleged by Dr. Bernard in both suits are easily determinable by the court, we find no error in the trial court's decision to not allow consolidation of the record from the first lawsuit with the current record before this Court.

The party asserting *res judicata* has the burden of proving the elements necessary to sustain a successful *res judicata* defense. *Carter County v. Street*, 252 S.W.2d 803, 806 (Tenn.Ct.App. 1952). In order to be successful, a party asserting a *res judicata* defense must demonstrate: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits. *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn.Ct.App.1990). The only question at issue in this appeal is whether the two lawsuits involve the same cause of action.

-3-

It has long been held in Tennessee that a cause of action includes facts, claims, and issues that might have been litigated in a prior action. "The doctrine of *res judicata* binds the same parties standing in the same capacity in subsequent litigation on the same cause of action not only upon facts actually litigated in the former action, but also on those points of fact which *might have been* (but were not expressly) litigated therein." *A.L. Kornman Co. v. Metro. Gov't of Nashville and Davidson County*, 391 S.W.2d 633, 636 (Tenn.1965)(emphasis in original).

It is the insistence of the respondents that the principle of res judicata applies only to issues actually raised and finally adjudicated in prior litigation. Their complaint refers to and repeats a number of allegations and claims allegedly raised in the former suit but asserts that these are not foreclosed here because they were not finally determined therein.

This, in our opinion, is too narrow a view of the principle involved. It has long been the rule in this state that not only issues which were actually determined, but all claims and issues which were relevant and which could reasonably have been litigated in a prior action, are foreclosed by the judgment therein.

*American Nat'l. Bank and Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn.1979).

However, a long line of Tennessee decisions supports the rule that a former judgment between the same parties or their privies as to the same subject matter is res judicata, or conclusive, not only as to all issues presented and decided, but as to all issues which might, could or should have been presented.

. . . .

This Court cannot accept the argument of appellant that, by disclaiming or failing to present a particular fact or theory supporting his action, a plaintiff may thereby reserve and preserve the disclaimed and unpresented fact or theory as an "ace in the hole" to be used as a ground for a second lawsuit based on such ground. To assent to plaintiff's insistence would be to condone piecemeal presentation of suits and defenses at the whim of the parties. Such is not the policy of our law and is contrary to the authorities set out above.

*McKinney v. Widner*, 746 S.W.2d 699, 705-06 (Tenn.Ct.App.1987); *see also Massengill v. Scott*, 738 S.W.2d 629 (Tenn.1987); *Brown v. Brown*, 29 S.W.3d 491 (Tenn.Ct.App.2000); *Collins v. Green County Bank*, 916 S.W.2d 941 (Tenn.Ct.App.1995); *Lee v. Hall*, 790 S.W.2d 293 (Tenn.Ct.App.1990).

We find it obvious that both lawsuits stem from the same set of facts, those facts being Sumner Regional's response to allegations of sexual harassment against Dr. Bernard. The same actions and procedures followed by Sumner Regional (or lack thereof) caused all the harm claimed

by Dr. Bernard. Instead of following procedures alleged to be required by Sumner Regional's bylaws, Sumner Regional investigated the claim internally and quietly and then relayed its desire to terminate its relationship with Dr. Bernard to St. Thomas to handle. All actions in question were undertaken by the same party-defendant, Sumner Regional, and resulted in Dr. Bernard's loss of staff privileges at Sumner Regional, as well as his employment with St. Thomas and the Cardiac Catherization Lab. In both suits, Dr. Bernard questions the validity of the investigation and the charges raised against him. He further questions the authority and motivations under which Sumner Regional took action and communicated information. All claims raised in the previous lawsuit by Dr. Bernard, procurement of breach of contract with St. Thomas and defamation, and those raised in the case at bar, failure to follow internal procedures resulting in breach of contract by Sumner Regional, might have, could have, and should have been presented in one lawsuit.

Corollary to and integrated within *res judicata* principles is the doctrine of claim preclusion, wherein it is established that a cause of action between the same parties and based upon the same controlling facts is single, entire and indivisible and cannot be split into component parts by successive litigation.

> The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together. *See Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed.Cir.1996); *Hawkins v. Dawn*, 208 Tenn. 544, 548, 347 S.W.2d 480, 481-82 (1961); *Vance v. Lancaster*, 4 Tenn. (3 Hayw.) 130, 132 (1816).

*Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn.Ct.App.1998).

Since all of the facts relevant to Dr. Bernard's difficulties with either Sumner Regional Health Systems, Inc. or St. Thomas had occurred before he filed his first action against Sumner Regional, he cannot "split" this cause of action.

The trial court's decision to dismiss Dr. Bernard's current lawsuit against Sumner Regional on the basis of *res judicata* is affirmed.

_____
WILLIAM B. CAIN, JUDGE