# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 10, 2014

## LISA DENISE CHURCH v. SHANNON WAYNE BROWN

**Appeal from the Circuit Court for Cumberland County**
**No. CC12013CV5715     John J. Maddux, Jr., Judge**

---

**No. E2014-00942-COA-R3-CV-FILED-FEBRUARY 23, 2015**

---

This appeal arises from a claim of fraud in a post-divorce context.  Lisa Denise Church ("Plaintiff") filed a complaint for fraud in the Circuit Court for Cumberland County ("the Trial Court") against her ex-husband, Shannon Wayne Brown ("Defendant"), alleging that he had misled her during their divorce regarding the valuation of his business interest.  This suit followed an earlier, unsuccessful action on the issue of fraud filed by Plaintiff under TRCP 60 in the divorce action which had yielded a final judgment after appeal.  The Trial Court granted Defendant's motion for summary judgment, finding, *inter alia,* that Plaintiff's fraud claim was barred by *res judicata*.  Plaintiff appealed to this Court.  We hold that Plaintiff's current lawsuit for fraud is a distinct cause of action, namely, common law fraud, and is not barred by *res judicata*.  However, as the issue of fraud already had been decided in the earlier post-divorce Rule 60 proceedings, the doctrine of collateral estoppel prevents Plaintiff from re-litigating the issue of fraud.  We affirm the judgment of the Trial Court as modified.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed as Modified; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

W. I. Howell Acuff, Cookeville, Tennessee, for the appellant, Lisa Denise Church.

Kelly A. Tollett and Brett A. York, Crossville, Tennessee, for the appellee, Shannon Wayne Brown.

## OPINION

## Background

In 2008, Plaintiff and Defendant executed a Marital Dissolution Agreement ("the MDA"). The parties acknowledged in the MDA complete disclosure of all marital and separate property. The parties agreed that Plaintiff would be divested of any interest she had in a business called Cumberland Components, Inc. Any interest in this business Plaintiff had would vest in Defendant. In August 2008, the Probate and Family Court for Cumberland County ("the Probate Court") granted the parties an absolute divorce incorporating the MDA by reference.

In November 2010, Plaintiff petitioned the Probate Court to revisit several issues concerning the MDA. Plaintiff simultaneously filed a motion in the Probate Court pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure to allow discovery on the issue of the valuation of Cumberland Components, Inc. Plaintiff alleged that she had entered the MDA under the belief that the business interest was of no positive value. Plaintiff alleged that she had now come to understand that the business interest had a value in the vicinity of $800,000. In January 2011, the Probate Court held, among other things, that Plaintiff's Rule 60.02 motion was "not well taken and is hereby denied."

Plaintiff appealed this decision of the Probate Court to the Tennessee Court of Appeals. In our opinion *Brown v. Brown*, No. E2011-00421-COA-R3-CV, 2012 WL 1267872, at *13 (Tenn. Ct. App. April 13, 2012), *Rule 11 perm. app. denied August 15, 2012*, this Court in affirming the Probate Court stated: "[W]e find no evidence of record to support the assertions of [Plaintiff] as to the improper valuation of [Defendant's] company or that she was fraudulently induced to sign the MDA."

In September 2012, Plaintiff filed an amended motion based on Rule 60 in the Probate Court yet again attempting to revisit these issues. In June 2013, Plaintiff filed the complaint in the Trial Court that is the origin of this appeal. Plaintiff alleged fraud and sought monetary damages. Defendant filed a motion for summary judgment. In March 2014, a hearing was conducted on Defendant's motion. In April 2014, the Trial Court entered an order granting Defendant's motion for summary judgment. In relevant part, the Trial Court stated:

> Based upon the record, it appears to the Court that the issue of fraud raised by the Plaintiff has been or could have been litigated by these same parties in the prior proceedings of the Probate and Family Court of Cumberland County, Tennessee, the Tennessee Court of Appeals, and the

Supreme Court of Tennessee, which have all rendered final judgments as to the subject matter at hand. The Plaintiff's claim of fraud is, therefore, barred under the doctrine of *res judicata*.

Further, the Court finds that the issue of fraud as alleged by the Plaintiff, if fraud indeed existed, would take the form of intrinsic fraud, as it would be within the subject matter already litigated. Based upon current law and precedent, in order for this Court to sustain a claim of fraud in the current matter, the Plaintiff would have to make a claim of extrinsic fraud. The Plaintiff has failed to make a claim as to matters not at issue in prior litigation which prevented her from having a fair hearing. Therefore, Plaintiff has no basis for relief or re-litigation of the issue of fraud.

Plaintiff timely appealed to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises the following issues on appeal: 1) whether the Trial Court erred in holding that Plaintiff's claim of fraud was barred by *res judicata*; 2) whether the Trial Court erred in holding that Plaintiff had to make a claim of extrinsic fraud to go forward; and, 3) whether the doctrine of collateral estoppel bars Plaintiff's claim. Defendant raises his own issue on appeal: whether Plaintiff's appeal is frivolous and he, therefore, should recover his attorney's fees.

This case was disposed of by summary judgment. With regard to summary judgments, this Court explained in *Estate of Boote v. Roberts*:

The trial court's resolution of a motion for summary judgment is a conclusion of law, which we review *de novo* on appeal, according no deference to the trial court's decision. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Summary judgment is appropriate only when the moving party can demonstrate that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *see Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993).

This action was filed [after July 1, 2011]. Therefore, the trial court was required to apply the summary-judgment standard set forth in Tennessee Code Annotated § 20-16-101.[1] That statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> > (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> > (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (Supp. 2012).[2]

*Estate of Boote v. Roberts*, No. M2012-00865-COA-R3-CV, 2013 WL 1304493, at **8-9 (Tenn. Ct. App. March 28, 2013), *no appl. perm. appeal filed* (footnotes in original but renumbered). As a practical matter, this case presents pure questions of law.

We first address whether the Trial Court erred in holding that Plaintiff's claim of fraud was barred by *res judicata*. In *Lien v. Couch*, 993 S.W.2d 53 (Tenn. Ct. App. 1998), this Court discussed various aspects of the doctrine of *res judicata*. We stated:

> Res judicata is a claim preclusion doctrine that promotes finality in litigation. *See Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Jordan v. Johns*, 168 Tenn. 525, 536-37, 79 S.W.2d 798, 802 (1935). It bars a second suit between the same parties or their privies on the same cause of

---

[1]Section 20-16-101 is applicable to all cases filed on or after July 1, 2011.

[2]Section 20-16-101 was enacted to abrogate the summary-judgment standard set forth in *Hannan*, which permitted a trial court to grant summary judgment only if the moving party could either (1) affirmatively negate an essential element of the nonmoving party's claim or (2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan*, 270 S.W.3d at 5. The statute is intended "to return the summary judgment burden-shifting analytical framework to that which existed prior to *Hannan*, reinstating the 'put up or shut up' standard." *Coleman v. S. Tenn. Oil Inc.*, No. M2011-01329-COA-R3-CV, 2012 WL 2628617, at *5 n.3 (Tenn. Ct. App. July 5, 2012).

action with respect to all the issues which were or could have been litigated in the former suit. *See Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995).

Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *See Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations. *See White v. White*, 876 S.W.2d 837, 839-40 (Tenn. 1994).

The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together. *See Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996); *Hawkins v. Dawn*, 208 Tenn. 544, 548, 347 S.W.2d 480, 481-82 (1961); *Vance v. Lancaster*, 4 Tenn. (3 Hayw.) 130, 132 (1816). The principle is subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation. *See Davidson v. Capuano*, 792 F.2d 275, 279 (2d Cir. 1986); *Carris v. John R. Thomas & Assocs., P.C.*, 896 P.2d 522, 529-30 (Okla. 1995); *see also Rose v. Stalcup*, 731 S.W.2d 541, 542 (Tenn. Ct. App. 1987) (holding that a subsequent action was not barred because the initial court did not have jurisdiction over the claim). Thus, the Restatement of Judgments points out:

> The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present

> those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982).

*Lien v. Couch*, 993 S.W.2d at 55-56.

The first three elements of *res judicata* appear to be met in this case. It is much less clear, however, that the fourth element concerning the same cause of action is met. To resolve this question, we look to the law regarding avenues of relief from a judgment on the basis of fraud. Regarding relief from a judgment on the basis of fraud, this Court, analyzing the Tennessee Supreme Court opinion of *Black v. Black*, 166 S.W.3d 699 (Tenn. 2005), stated:

> *Black* offers a thorough analysis of the availability of actions for fraud both within and outside the parameters of Rule 60.02. A party may seek relief from judgment within one year of entry of the judgment in the case in which the fraud occurred, or through an independent action for fraud on the court of an extrinsic nature under the "savings" clause of the Rule. Apart from Rule 60.02, a party may bring a claim for damages based on another party's fraudulent conduct in a common-law action for fraud.

*Warwick v. Warwick*, No. E2011-01969-COA-R3-CV, 2012 WL 5960850, at *9 (Tenn. Ct. App. Nov. 29, 2012), *no. appl. perm. appeal filed*.

Based on *Warwick* and *Black*, it appears that Plaintiff had an additional avenue of relief outside of Rule 60. Indeed, Plaintiff is adamant in her briefs on appeal, and the record reflects, that this latest complaint is not rooted in Rule 60. Rather, this current matter concerns an allegation of common law fraud. In our judgment, therefore, Plaintiff's earlier failed legal efforts under Rule 60 do not preclude her under *res judicata* from proceeding on this distinct common law fraud cause of action. *Res judicata* does not bar Plaintiff's present cause of action, and we modify the Trial Court's judgment accordingly. Our holding on this issue moots and subsumes the second issue on appeal regarding extrinsic versus intrinsic fraud.

We next address whether the doctrine of collateral estoppel bars Plaintiff's claim. Our Supreme Court has stated:

> In the context of a civil case, collateral estoppel (also known as issue preclusion) has been described as an extension of the doctrine of res judicata

(also known as claim preclusion) and applicable only when "it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment...." *Id*. at 631-32. In *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001), this Court cited the promotion of finality in the litigation, the conservation of judicial resources, and the prevention of inconsistent decisions as policy considerations warranting the application of collateral estoppel in civil litigation. *Id*. at 113; *see also Standefer v. United States*, 447 U.S. 10, 23, n. 18, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980) (stating that the policy behind the doctrine lies in the inherent reliability of final judgments). Like the federal courts, this Court has held that the party seeking to invoke collateral estoppel as a bar to litigation "has the burden of proving that the issue was, in fact, determined in a prior suit between the same parties and that the issue's determination was necessary to the judgment." *Dickerson v. Godfrey*, 825 S.W.2d 692, 694 (Tenn. 1992); *see also Home Ins. Co. v. Leinart,* 698 S.W.2d 335, 336 (Tenn. 1985). A final judgment is essential under either collateral estoppel or res judicata. *Richardson v. Tenn. Bd. Of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995).

*State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009).

We, therefore, move from claim preclusion to issue preclusion. Plaintiff argues that she could not have brought the present action in the Probate Court because of that court's limited power to award the amount of damages Plaintiff seeks. Plaintiff also argues that the Probate Court made no express findings on the issue of fraud in the valuation of Defendant's business interest.

The record reflects that Plaintiff previously pursued this issue of Defendant's alleged fraud in the parties' divorce action. The Probate Court found Plaintiff's Rule 60 motion not well taken, the Tennessee Court of Appeals affirmed the Probate Court, and the Tennessee Supreme Court denied permission to appeal. We already have quoted from the respective courts their resolution of Plaintiff's fraud allegations, including this Court's statement that "[w]e find no evidence of record to support the assertions of [Plaintiff] as to the improper valuation of [Defendant's] company or that she was fraudulently induced to sign the MDA." Even if not to Plaintiff's satisfaction, this issue of fraud already has been litigated and resolved finally. Therefore, the doctrine of collateral estoppel precludes Plaintiff from re-litigating the specific issue of fraud, even though she rightly argues this is a new and distinct cause of action. We affirm the Trial Court's judgment granting

Defendant's motion for summary judgment, albeit we modify that judgment such that the rationale is collateral estoppel and not *res judicata*.

The final issue we address is Defendant's contention that this appeal is frivolous. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). Plaintiff's issues were not so devoid of merit as to be frivolous, and indeed, while she ultimately lost, she prevailed on some issues on appeal. We decline to find this appeal frivolous.

### Conclusion

The judgment of the Trial Court is affirmed as modified, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Lisa Denise Church, and her surety, if any.

_____
D. MICHAEL SWINEY, JUDGE