Bird v. Key.

G. H. Bird et al. v. D. M. Key, Ex'r., et al.

CHANCERY PRACTICE. Administrators and executors. Constitutional Law. Comity of States. Descent and distribution. A bill may be filed in the courts of this State by creditors, who are also heirs, living in Georgia, against the executor or administrator of the estate under which they claim, "for an account of the funds, etc., and upon the exhaustion of the personalty that the lands be sold to satisfy their recovery, etc." And this may be done notwithstanding enough property unencumbered and subject to complainants' demand, though they have not exhausted such remedy first, belonging to the estate is located in their own State. That the property in this State was disposed of by will, and the testator died intestate as to that in Georgia, will not change the result.

FROM HAMILTON.

Appeal from the Chancery Court. JOHN B. HOYL, Chancellor.

DODSON & McCONNELL for complainants.

KEY & RICHMOND and W. H. DEWITT for defendants.

McFARLAND, J., delivered the opinion of the court.

The bill charges that Buford Bird died in Georgia in 1851, leaving a will by which, among other things, he bequeaths a fund and some slaves to Geo. L., G. H. and Philemon Bird, as trustees, for the sole use of Mary C. Harlan during life, and then to her children, or in default of children, to the children of the testator; that a large amount of this fund came to

Bird *v.* Key.

the hands of Philemon Bird, and he also received the heirs' share of the slaves, part of which only he had accounted for; that the executor of George L. Bird, one of the other trustees, after his death, paid over to Philemon Bird a large sum of the trust fund; that the present complainant, G. H. Bird, did not act in reference to the trust, but always designed to do so if necessary; that Philemon Bird died in Hamilton county in 1871, leaving a will which gave all his estate, after payment of debts, to the defendants, Gus. and Tom. Bird.

The bill is filed by G. H. Bird and Mary C. Harlan and Josiah H., her husband, against D. M. Key, executor of the will of Philemon Bird and Gus. and Tom. Bird. It prays to have an account of the fund, that the same be secured in the hands of a new trustee, if necessary, and that in the event the personalty had been exhausted, that the lands be subjected to the payment of the recovery.

The defendants filed a plea, the substance of which is this: That the complainants are, and have been, citizens of Georgia; that Philemon Bird was, at the time of his death, the owner of real estate in Walker county, Georgia, worth ten thousand dollars, free from encumbrance, and subject to the complainants' demand; that the complainant Josiah C. Harlan has administered in Georgia, and has control of said property, and had at the filing of the present bill; that Philemon Bird died intestate as to the said real estate in Georgia, the will not having been executed according to the laws of that State. He was, at the time of

his death, and had been for some time, a resident and citizen of Hamilton county, Tennessee, as are also his devisees, Gus. and Tom. Bird.    He was never married, and his brothers and sisters and their issue were his heirs at law and inherit the real estate in Georgia; that the complainants, G. H. Bird and Mary C. Harlan, are brother and sister of said Philemon Bird; that the personal estate in Tennessee has been fully administered.

Upon these facts it is maintained that the complainants must be repelled from the courts of this State until they have exhausted their remedy in the State of Georgia.    That upon the facts stated, to grant the relief prayed for would be extending the principles of comity between States in favor of citizens of another State to the extent of denying justice to our own citizens.    The plea was held insufficient— the defendants have appealed.

It is argued that it is upon the principles of comity that we give force and effect to the laws of our sister States in cases where they should properly govern.    But if this be so, yet by the provisions of the Constitution of the United States, the citizens of each State shall be entitled to all the privileges of the citizens of the several States.    When a citizen of another State comes into our court he stands upon the same footing as our own citizens, and the same law is administered to him.    This is a matter of right and not of comity.    See *Simmon* v. *Hanen,* 23 Pickering, 119.

The complainants then had a clear right to sue in

our courts, and their claim will be regarded with the same favor as if citizens of this State.

It is certainly true that they might have sued in Georgia, and upon the facts stated in the plea, might have recovered their claim.

It has been several times held, upon sound reason, that when an administration is granted in one State ancillary to the principal administration in another State, that the ancillary administration will not transmit the surplus to the principal administrator without first paying the creditors within its jurisdiction, and even then it is a matter of discretion to be determined upon all the facts of the case. And in cases of this character such jurisdiction will be first to its own citizens, who are creditors, before yielding to principles of comity in favor of the other.

But while the complainants might have sued in Georgia, it does not follow that they were compelled to do so. For many reasons they might not have desired to risk the collection of their claims in that State, or preferred to risk their chances here. Being creditors, they ordinarily have the right to proceed in any jurisdiction where assets are found. Should the plea be held sufficient, we may suppose its truth to be established, by proof satisfactory to our courts, of the value of the land left by the testator in Georgia, and that the same is unencumbered, and a · secure means of collecting complainant's demand. But it may result that after the complainants are turned out of court upon this ground—upon actual effort made they will fail to realize their claim, or all of it, by reason

24—VOL. 8.

of the failure in value of the property or otherwise. Should they then again return to our courts it would perhaps be to find themselves or their suit barred by the statute of limitations.

It is argued, however, that the estate in Tennessee passed by the will; that the estate in Georgia did not; that as between the two, the undevised estate should, in equity, first pay the debts. This may be true, but this principal should not be applied so as to embarrass the creditors. They may proceed against either. The equity arises between the devisees and legatees of the devised estate and the heirs and distributees claiming the estate undisposed of, and where the devised estate is taken to pay creditors when the undevised estate should, as between the parties, be first so applied, equity will, in proper cases, substitute the devisee or legatee to the rights of the creditors against the heirs and distributees upon a bill filed for the purpose.

The plea shows that the complainants in the present case are themselves heirs, and will take, by inheritance, part of the real estate in Georgia, which should go to pay their demands, and that it would be inequitable to allow them to retain this property and collect their debt out of the property devised in Tennessee.

Should the complainants recover a decree against the executors in this State, the defendants, if such be their equity, will no doubt find a remedy by which they can compel the complainants in satisfaction, to account for whatever assets they have received,

which should go in payment of said demand in exoneration of and in relief of the defendants, or to substitute them to the rights of the complainants as creditors against the complainants and others as heirs. It is probable that complainants would not have to resort to the courts of Georgia for this relief, as the courts here have jurisdiction of their person.

The question of marshaling the assets for the satisfaction of the demand does not at present arise. We have examined some of the numerous authorities referred to, but find nothing to charge general relief.

We are of opinion that the decree of the Chancellor is correct, and it will be affirmed and the cause remanded, the defendants paying the costs of this court.