# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

December 8, 1998

Cecil W. Crowson
Appellate Court Clerk

SHIN YI (SUNNY) LIEN            )
and wife, ANN LIEN,            )
                               )
    Plaintiffs/Appellants,            )
                               )    Wilson Circuit
VS.                            )    No. 9230
                               )
RUTH COUCH, individually, and  )    Appeal No.
BIG RIDGE EMU RANCH, INC.,     )    01A01-9609-CV-00398
                               )
    Defendants/Appellees.            )


## APPEAL FROM THE CIRCUIT COURT FOR WILSON COUNTY
## AT LEBANON, TENNESSEE

### THE HONORABLE BOBBY CAPERS, JUDGE


For Plaintiffs/Appellants:

Wm. Kennerly Burger
Murfreesboro, Tennessee


For Defendants/Appellees:

Jeff Reed
Murfree, Cope, Hudson & Scarlett
Murfreesboro, Tennessee


## VACATED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves an interstate contract dispute over ten pairs of emu chicks. Two Tennessee residents declined to honor their contract to purchase the chicks after the Arkansas breeders attempted to substitute chicks different from those advertised for sale. The breeders filed a breach of contract suit in Arkansas against the purchasers seeking to recover the unpaid purchase price, and the purchasers filed suit in the Circuit Court for Wilson County seeking to recover their down payment as well as treble damages and attorney's fees under the Tennessee Consumer Protection Act. After the breeders obtained a judgment in Arkansas against the purchasers, they moved to dismiss the purchasers' Tennessee lawsuit on the ground that the Arkansas judgment was res judicata to the purchasers' Tennessee claims. The trial court agreed and dismissed the purchasers' claims. On this appeal, the purchasers assert that the Arkansas judgment should not have precluded them from pursuing their Tennessee Consumer Protection Act claims in Tennessee. We agree because the Arkansas court did not have the power to award the full measure of relief the purchasers are seeking in the Tennessee proceedings.

## I.

Shin Yi (Sunny) and Ann Lien reside in Wilson County, Tennessee. In early 1994, they saw an advertisement placed by the Big Ridge Emu Ranch, Inc. in a magazine entitled *Emu Today and Tomorrow* offering for sale emu chicks born in January or February 1994. The Big Ridge Emu Ranch is located in Saline County, Arkansas. The Liens placed a telephone order with Ruth Couch, the ranch's general manager, for ten pairs of emu chicks born preferably in January or February but no later than early March.

In response to the Liens' telephone call, Big Ridge Emu Ranch sent them a standard form purchase contract by facsimile. In the contract, the Liens agreed to purchase ten pairs of emus for $65,000 – $16,250 to be paid as a deposit upon the execution of the contract and the remainder to be paid when they took possession of the chicks. On March 9, 1994, the Liens executed the contract and returned it to Big

Ridge Emu Ranch along with a check for $16,250. Big Ridge Emu Ranch later executed the agreement.

The Liens traveled to the Big Ridge Emu Ranch in early May 1994 to pick up the emu chicks and to pay the balance due under the contract. However, when the Liens arrived at the ranch, Ms. Couch informed them that chicks born in January or February or even early March were no longer available, but that the ranch could provide chicks born in late March or April. Mr. Lien declined this offer because he believed that the March and April emu chicks were of lesser value and requested a refund of his deposit. The Big Ridge Emu Ranch declined to cancel the contract.

On August 30, 1994, the Big Ridge Emu Ranch sued the Liens in the Circuit Court for Saline County, Arkansas seeking the balance of the purchase price of the chicks ($48,750) as well as other damages. The Liens filed an answer denying that they had breached the contract and filed a counterclaim against the ranch and Ms. Couch based on breach of contract, misrepresentation, and mutual mistake of fact. On January 31, 1995, the Liens filed suit against Big Ridge Emu Ranch and Ms. Couch in the Circuit Court for Wilson County, Tennessee, seeking injunctive and monetary relief under the Tennessee Consumer Protection Act of 1977 [Tenn. Code Ann. §§ 47-18-101, - 121 (1995 & Supp. 1998)].[1] Consistent with their claims, the Liens sought treble damages pursuant to Tenn. Code Ann. § 47-18-109(a)(3) and attorney's fees and costs pursuant to Tenn. Code Ann. § 47-18-109(e)(1).

The Liens' action in Tennessee did not impede the progress of the prior Arkansas proceeding. Following a "full trial" on August 30, 1995, the Arkansas circuit court found that the Liens had breached their contract with the Big Ridge Emu Ranch and entered a judgment awarding the ranch $78,870 in damages plus $2,800 in attorney's fees and dismissing the Liens' counterclaims against the ranch and Ms.

---

[1]Specifically, the Liens asserted that Ms. Couch and the Big Ridge Emu Ranch had violated Tenn. Code Ann. § 47-18-104(b)(7) (representing that goods are of a particular standard, quality, or grade, or that they are of a particular style or model, if they are of another); Tenn. Code Ann. § 47-18-104(b)(9) (advertising goods with intent not to sell them as advertised); Tenn. Code Ann. § 47-18-104(b)(10) (advertising goods with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity); Tenn. Code Ann. § 47-14-104(b)(21) (employing bait and switch advertising); and Tenn. Code Ann. § 47-18-104(b)(27) (engaging in any act or practice which is deceptive to the consumer).

Couch. This judgment became final after the Liens voluntarily dismissed their appeal.

On June 3, 1996, Big Ridge Emu Ranch and Ms. Couch moved to dismiss the Liens' suit in Tennessee on the ground that the Arkansas judgment was res judicata to the Liens' claims under the Tennessee Consumer Protection Act of 1977. They asserted that the Liens' consumer protection claims were compulsory counterclaims in the Arkansas proceeding and that the Liens' failure to pursue their Tennessee Consumer Protection Act claims in the Arkansas proceeding should preclude them from asserting them in the subsequent Tennessee proceeding. The trial court agreed and, on June 18, 1996, entered an order dismissing the Liens' complaint on the ground that the Arkansas judgment was res judicata to their Tennessee Consumer Protection Act claims.

## II.

The parties have directed their arguments both in the trial court and on this appeal toward the issue of whether the Liens' claims under the Tennessee Consumer Protection Act of 1977 were compulsory counterclaims in the Arkansas proceeding. In light of the trial court's reliance on the doctrine of res judicata to dismiss the Liens' claims, we shift the focus to consider whether the Liens could have raised their consumer protection claims in the Arkansas proceeding. If they could not, the doctrine of res judicata does not prevent them from pursuing these claims in a subsequent proceeding.

## A.

Res judicata is a claim preclusion doctrine that promotes finality in litigation. *See Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976); *Jordan v. Johns*, 168 Tenn. 525, 536-37, 79 S.W.2d 798, 802 (1935). It bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit. *See Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Collins v. Greene County Bank*, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995).

Parties asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action. *See Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations. *See White v. White*, 876 S.W.2d 837, 839-40 (Tenn.1994).

The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together. *See Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996); *Hawkins v. Dawn*, 208 Tenn. 544, 548, 347 S.W.2d 480, 481-82 (1961); *Vance v. Lancaster*, 4 Tenn. (3 Hayw.) 130, 132 (1816). The principle is subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation. *See Davidson v. Capuano*, 792 F.2d 275, 279 (2d Cir. 1986); *Carris v. John R. Thomas & Assocs., P.C.*, 896 P.2d 522, 529-30 (Okla. 1995); *see also Rose v. Stalcup*, 731 S.W.2d 541, 542 (Tenn. Ct. App. 1987) (holding that a subsequent action was not barred because the initial court did not have jurisdiction over the claim). Thus, the Restatement of Judgments points out:

> The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982). This limiting principle is applicable here.

## B.

Two questions must be answered to determine whether the Liens could have asserted their Tennessee Consumer Protection Act claims in the Arkansas litigation. First, could the Liens have asserted the same claims against the Big Ridge Emu Ranch and Ms. Couch under Arkansas statutory or common law? Second, could the Liens have asserted Tennessee Consumer Protection Act claims in the Arkansas litigation? If the answer to either or both questions is yes, then the Liens cannot continue their Tennessee lawsuit. If, however, the answer to both questions is no, the Arkansas judgment does not preclude them from proceeding with their Tennessee lawsuit because the Arkansas court could not have afforded the relief they are now seeking in the Tennessee proceeding.

The scope of the Arkansas deceptive trade practices statutes [Ark. Code Ann. §§ 4-88-101, -115 (Michie 1996 & Supp. 1997)] is decidedly narrower than that of the Tennessee Consumer Protection Act of 1977. While both statutes prohibit similar sorts of unfair and deceptive practices,[2] the power to file suit to recover damages for violations of the Arkansas statute rests almost exclusively with the Arkansas Attorney General. *See* Ark. Code Ann. §§ 4-88-105(d)(6), -113(a). Only elderly or disabled consumers have a private right of action under the Arkansas deceptive trade practices statutes. *See* Ark. Code Ann. § 4-88-204(Michie 1996). While elderly or disabled persons may recover punitive damages and attorney's fees, *see* Ark. Code Ann. § 4-88-204, other consumers may only receive "ascertainable" damages in suits brought by the Arkansas Attorney General on their behalf. *See* Ark. Code Ann. § 4-88-113(a)(2)(A).

The record before us contains no indication that the Liens are elderly or disabled. Accordingly, we conclude that they are not among the class of persons who

---

[2]Like Tenn. Code Ann. § 47-18-104(b)(7), Ark. Code Ann. § 4-88-107(a)(1) prohibits knowingly making false representations that goods are of a particular standard, quality, or grade; and like Tenn. Code Ann. § 47-18-104(b)(9), Ark. Code Ann. § 4-88-107(a)(3) prohibits advertising goods with the intent not to sell them as advertised. Ark. Code Ann. § 4-88-107(a)(10) also contains a catch-all provision similar to Tenn. Code Ann. § 47-18-104(b)(27).

have a private right of action under Arkansas law for violations of the Arkansas deceptive trade practices statutes. Consequently, the Liens could not have asserted counterclaims for violation of the Arkansas deceptive trade practices statutes against either the Big Ridge Emu Ranch or Ms. Couch and could not have recovered either enhanced damages or their legal expenses in the Arkansas proceeding.

Even if the Liens could not have asserted counterclaims in the Arkansas proceeding based on violations of the Arkansas deceptive trade practices statutes, it might be argued that they could have asserted substantially similar common-law claims and, therefore, that their failure to do so precluded them from pursuing their Tennessee lawsuit. This argument fails because the common-law causes of action available to the Liens are not comparable to those available under the Tennessee Consumer Protection Act. Consumer protection acts and deceptive trade practices statutes are intended to provide broader remedies than those available under the common law. *See Associated Inv. Ltd. Partnership v. Williams Assoc. IV*, 645 A.2d 505, 510 (Conn. 1994); *Connor v. Merrill Lynch Realty Inc.*, 581 N.E.2d 196, 202 (Ill. App. Ct. 1991); *Roane-Barker v. Southeastern Hosp. Supply Corp.*, 392 S.E.2d 663, 669 (N.C. Ct. App. 1990); *Latham v. Castillo*, 972 S.W.2d 66, 69 (Tex. 1998). They generally dispense with the element of actual reliance required by common-law actions, and they also provide for a broader range of remedies.[3]

The final question is whether the Arkansas courts could have permitted the Liens to assert a counterclaim based on the Tennessee Consumer Protection Act of 1977. Tennessee cannot demand that its laws be given extraterritorial effect. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572, 116 S. Ct. 1589, 1597 (1996). However, courts in other states will, as a matter of comity, recognize and enforce applicable civil laws of other states if these laws properly govern an asserted claim or defense within the forum state. *See Bird v. Key*, 67 Tenn. 366, 368 (1875); *Smith v. Firemens Ins. Co.*, 590 A.2d 24, 27 (Pa. Super. Ct. 1991).

---

[3]The common-law remedies available in Arkansas are even narrower than the common-law remedies available in Tennessee. While Arkansas recognizes common-law causes of action for fraud, misrepresentation, and deceit, *see O'Mara v. Dykema*, 942 S.W.2d 854, 857 (Ark. 1997), it does not recognize a cause of action for negligent misrepresentation. *See South County, Inc. v. First Western Loan Co.*, 871 S.W.2d 325, 326 (Ark. 1994).

Arkansas follows the practice of comity where Arkansas has statutes or common law policies similar to those of the foreign state law sought to be relied upon by the litigant. *See St. Louis & S.F. Ry. Co. v. Brown*, 35 S.W. 225, 226 (Ark. 1896); *overruled on other grounds*, *Malone & Hyde, Inc. v. Chisley*, 825 S.W.2d 558-560 (Ark. 1992). As a general matter, Arkansas courts decline to enforce the laws of other states if they decide that these laws contravene the established public policy in Arkansas, *see Sutherland v. Arkansas Dep't of Ins.*, 467 S.W.2d 724, 726 (Ark. 1971); *Beauchamp v. Bertig*, 119 S.W. 75, 79 (Ark. 1909), or if they determine that the other state's law is penal. *See Hinson v. Bond Discount Co.*, 218 S.W.2d 75, 78 (Ark. 1949).

We have failed to unearth any decisions by Arkansas courts in which they have either specifically enforced or refused to enforce another state's consumer protection laws. However, we have determined that the Arkansas courts would most likely recognize and enforce a cause of action based on the Tennessee Consumer Protection Act of 1977. The similarities between the substantive provisions of the two statutes avoids the possibility that Arkansas courts would find that Tennessee's statute conflicts with Arkansas public policy. Secondly, the substantive provisions of the Tennessee Consumer Protection Act would not be considered penal because their primary purpose is to provide a remedy for the enforcement of a private right. *See Hinson v. Bond Discount Co.*, 218 S.W.2d at 78.

Even though we have determined that the Arkansas courts would recognize a cause of action based on a substantive violation of the Tennessee Consumer Protection Act of 1977, it does not necessarily follow that the Arkansas courts would afford claimants the remedies contained in the Tennessee statutes. The Arkansas courts have clearly held that the law of the forum governs remedies matters. *See Hinson v. Bond Discount Co.*, 218 S.W.2d at 77. They have also held with equal clarity that the recovery of attorney's fees is a remedial matter and that they are not required to enforce another state's statute permitting the recovery of attorney's fees. *See American Physicians Ins. Co. v. Hruska*, 428 S.W.2d 622, 628 (Ark. 1968).

Arkansas law, as we understand it, would not permit the Liens to recover attorney's fees if they prevailed in any consumer protection action under Arkansas

statutory or common law. Since there is no Arkansas statute permitting the recovery of attorney's fees by parties such as the Liens, the Arkansas courts would decline to enforce Tenn. Code Ann. § 47-18-109(e)(1) on the ground that it is a penal law.

We have similar doubt that the Arkansas courts would have permitted the Liens to claim treble damage in accordance with Tenn. Code Ann. § 47-18-109(a)(3). Because the Liens are neither elderly nor disabled, they have no right under the Arkansas deceptive trade practices statutes to seek punitive damages. In addition, the treble damages permitted by Tenn. Code Ann. § 47-18-109(a)(3) are intended to be punitive rather than compensatory. *See Smith Corona Corp. v. Pelikan, Inc.*, 784 F. Supp. 452, 483-84 (M.D. Tenn. 1992), *aff'd*, 1 F.3d 1252 (Fed. Cir. 1993); *Lorentz v. Deardan*, 834 S.W.2d 316, 320 (Tenn. Ct. App. 1992). Thus, the Arkansas courts would have declined to enforce Tenn. Code Ann. § 47-18-109(a)(3) on the ground that it was punitive.

Even though the Arkansas courts would have permitted the Liens to assert counterclaims against the Big Ridge Emu Ranch and Ms. Couch based on their alleged violations of Tenn. Code Ann. § 47-18-101(b)(7), (9), (10), (21), & (27), we have determined that they would not have permitted the Liens to recover treble damages or their attorney's fees if they had been successful. Accordingly, the Arkansas courts could not have awarded the Liens the same measure of relief they are seeking in the Tennessee proceeding. Based on the formal barriers in the Arkansas proceeding to the Liens' full recovery, the Arkansas judgment did not foreclose the Liens' suit in Tennessee. It would be unfair to preclude them from pursuing claims here that they would have been unable to pursue in the Arkansas proceeding.

## III.

We vacate the summary judgment dismissing the Liens' complaint against Big Ridge Emu Ranch and Ms. Couch and remand the case to the trial court for further proceedings consistent with this opinion. Our decision relates only to the res judicata issue upon which the trial court based its decision and should not be construed as foreclosing Big River Emu Ranch and Ms. Couch from asserting any other defense available to them in the Tennessee proceeding. We tax the costs of this appeal,

jointly and severally, to Big Ridge Emu Ranch, Inc. and Ruth Couch for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE