09-0479-cv
Lasker v. UBS Secs. LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:   RALPH K. WINTER,
                   REENA RAGGI,
                   DEBRA ANN LIVINGSTON,
                                   *Circuit Judges.*

------------------------------------------------------------------

HOWARD LASKER,
                            *Plaintiff-Appellant,*
                   v.                                                      No. 09-0479-cv

UBS SECURITIES LLC, UBS LOAN FINANCE
LLC,
                            *Defendants-Appellees.*

------------------------------------------------------------------

APPEARING FOR APPELLANT:          DAVID C. KATZ, Weiss & Lurie (Joseph H. Weiss, Weiss & Lurie, New York, New York,

Jules Brody, Patrick K. Slyne, Stull, Stull & Brody, New York, New York, *on the brief*), New York, New York.

APPEARING FOR APPELLEES:     JOSEPH J. FRANK, Latham & Watkins LLP (Eric S. Olney, Latham & Watkins LLP, New York, New York, J. Scott Ballenger, J. Christian Word, Latham & Watkins LLP, Washington, D.C., *on the brief*), New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on January 9, 2009, is AFFIRMED.

Plaintiff Howard Lasker, on behalf of himself and a putative class of shareholders in Genesco, Inc., sued defendants UBS Securities LLC and UBS Loan Finance LLC (collectively, "UBS") in Tennessee Chancery Court for procurement of breach of contract (the "Tennessee action").[1] The case was dismissed. Two months later, Lasker sued UBS in New York,[2] alleging tortious interference with a business relationship under Tennessee law (the "New York action"). Lasker here appeals the dismissal of the New York action pursuant to Fed. R. Civ. P. 12(c), a ruling we review de novo, accepting all factual allegations in the

---

[1] The complaint also demanded specific performance of the proposed merger between Genesco and Front Line, Inc., naming Front Line as defendant in a claimed breach of the Merger Agreement.

[2] Lasker filed the action in New York Supreme Court, Kings County. UBS removed the action to the United States District Court for the Eastern District of New York.

2

complaint as true and drawing all reasonable inferences in Lasker's favor. See Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009). Lasker argues that the district court erred in concluding that his tortious interference claim was barred by res judicata. For the reasons set forth below, we disagree. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Choice of Law

A federal court must give a prior state-court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also 28 U.S.C. § 1738. Accordingly, Tennessee law governs our analysis of UBS's res judicata defense.

2. Res Judicata

Tennessee views res judicata as a claim preclusion doctrine that "requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together." Lien v. Couch, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); see also Creech v. Addington, 281 S.W.3d 363, 376 (Tenn. 2009) (observing that res judicata bars second suit "with respect to all issues which were or could have been litigated in the former suit"). A party "asserting a res judicata defense must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was

3

final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action." Lien v. Couch, 993 S.W.2d at 56.

> a. Both Claims Were Available During the Tennessee Action

Lasker argues that he could not have included his tortious interference claim in the Tennessee action because he lacked knowledge of the facts necessary for that claim. We are not persuaded. Lasker's Tennessee complaint alleged, inter alia, that UBS (1) had no basis for claiming that a "Material Adverse Effect" had occurred at Genesco, Compl. ¶¶ 73, 75, 79, (2) was working to "undermine and sabotage the closing of the Merger," Id. ¶ 5, and (3) had attempted "to create a false impression that Genesco [was] improperly withholding financial information," id. ¶ 105. Like the district court, we conclude that these allegations were sufficient to state the "improper means" element of a tortious interference claim.[3]

---

[3] Under Tennessee law, a claim of tortious interference requires proof of:

> (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and finally, (5) damages resulting from the tortious interference.

Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 701 (Tenn. 2002) (footnotes and citations omitted) (emphasis in original).

4

Indeed, the New York action rested on strikingly similar allegations, if in slightly different form and augmented by new facts.

Lasker's argument that UBS's fraud counterclaim against Genesco provided a new basis for his tortious interference claim fails because (1) the fraud counterclaim alleged failure to disclose material financial information, an allegation already challenged by Lasker in the then-pending Tennessee action; and (2) Lasker could have amended his Tennessee complaint to reference the fraud counterclaim, which was filed two weeks before dismissal of the Tennessee action. The question is not whether new facts ultimately strengthened Lasker's tortious interference claim, but rather whether the claim "<u>reasonably could have been litigated</u>" in the Tennessee action. <u>Heyliger v. State Univ. and Comm. Coll. Sys. of Tenn.</u>, 126 F.3d 849, 854 (6th Cir. 1997) (internal quotation marks omitted) (emphasis in original). For the reasons stated, we answer that question in the affirmative.

b. <u>Dismissal on the Merits</u>

Lasker argues that the chancery court's dismissal of the Tennessee action was not on the merits because the ruling did not "reflect on the defendants' innocence or lack of responsibility for the alleged conduct." Appellant's Br. at 41. While this may be the standard for establishing the "favorable termination" element of a malicious prosecution claim, <u>see</u> <u>Parrish v. Marquis</u>, 172 S.W.3d 526, 531 (Tenn. 2005), it is not the standard for determining whether a dismissal was an adjudication on the merits. "In Tennessee, any

5

dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party 'operates as an adjudication upon the merits,' unless the trial court specifies otherwise in its order for dismissal." Creech v. Addington, 281 S.W.3d at 378 (quoting Tenn. R. Civ. P. 41.02(3)). Here, UBS moved to dismiss the Tennessee action for failure to state a claim pursuant to Tenn. R. Civ. P. 12.02(6). The Chancery Court granted the motion without reference to jurisdiction, venue, or indispensable parties, and without indication that the ruling was not on the merits. Accordingly, we conclude that dismissal of the Tennessee action was on the merits.

      c.      Same Cause of Action

Finally, Lasker argues that UBS's res judicata defense fails because the procurement of breach and tortious interference claims are distinct causes of action, each depending on "different issues, facts and evidence." Appellant's Br. at 50. This misperceives the relevant inquiry. Two suits "shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." Creech v. Addington, 281 S.W.3d at 381. Both the Tennessee and New York actions arose out of the series of events leading up to and following the aborted merger between Genesco and Finish Line. Therefore, the two suits arise from the same cause of action.

We have considered all of the plaintiff-appellant's remaining arguments and conclude that they are without merit.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:_____