IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2024 Session

## DEVON MACPHERSON v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

**Appeal from the Chancery Court for Davidson County**
**No. 22-1659-II        Anne C. Martin, Chancellor**

_____

### No. M2023-01372-COA-R3-CV

_____

A property owner filed a declaratory judgment action challenging the constitutionality of metropolitan government ordinances that prevented him from obtaining a permit for a short-term rental property with more than four bedrooms. We have concluded that the property owner's claims are barred by res judicata.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Jason D. Holleman, Nashville, Tennessee, for the appellant, Devon MacPherson.

Catherine Jane Pham, Jessica Brook Heavener, and Kelli Fay Woodward, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Devon MacPherson owns property located on Porter Road in Nashville. On July 10, 2017, the Metropolitan Government of Nashville and Davidson County ("Metro") granted Mr. MacPherson's application for a short-term rental property—owner-occupied ("STRP") permit for a four-bedroom house; the permit was to expire on July 10, 2023, unless renewed. In February 2019, Metro filed a civil warrant against Mr. MacPherson for advertising excess bedrooms for an STRP in violation of Metropolitan Code of Laws

("M.C.L.") § 17.04.060[1] and, on June 12, 2019, the environmental court referee found him guilty of violating M.C.L. § 17.04.060, imposed a fine of $4,150, and permanently enjoined him for further violating the code.

Mr. MacPherson requested a hearing before the environmental court, which reheard the matter on August 13, 2019, and entered an order upholding the referee's order in full. Mr. MacPherson appealed to the circuit court, where the case was assigned docket number 19C2003. In February 2020, Mr. MacPherson filed a motion to dismiss the circuit court case against him, arguing that M.C.L. § 17.04.060, as applied to Mr. MacPherson's case, violated his right to assembly and right to privacy under the United States Constitution and the Tennessee Constitution.

On or about November 9, 2020, Mr. MacPherson sent an email to the Metro Codes Department concerning an application for an STRP permit for five bedrooms. Metro Codes responded that an STRP permit could not be issued until August 15, 2022, because of the environmental court's injunction in a separate matter,[2] and that there was a limit of four bedrooms.

On November 18, 2020, Mr. MacPherson withdrew his appeal in circuit court case 19C2003. The circuit court entered an order on November 20, 2020, dismissing the appeal and affirming the environmental court's August 13, 2019 order.

Metro Codes allowed Mr. MacPherson to renew his original STRP permit (for four bedrooms) on December 1, 2020.

Mr. MacPherson filed this action for declaratory judgment against Metro in chancery court on December 13, 2022, asking the chancery court to reverse Metro's decision "in enforcing M.C.L. § 17.040.060 and M.C.L. § 17.16.250(E)(4)(f)[3] such that

---

[1] Metro Code § 17.04.060 provides in relevant part:

"Short term rental property (STRP)—Owner-occupied" means an owner-occupied residential dwelling unit containing not more than four sleeping rooms that is used and/or advertised through an online marketplace for rent for transient occupancy by guests.

[2] Metro had also cited Mr. MacPherson for violation of a different ordinance, M.C.L. § 17.16.070.U.1.a, based upon its finding that he did not permanently reside at the Porter Road address. The environmental court found him guilty and ordered that Mr. MacPherson was not eligible for an STRP for three years. Mr. MacPherson appealed the environmental court order to circuit court, where it was assigned docket number 19C2004. On November 24, 2020, the circuit court entered an order in 19C2004 after a hearing on November 18, 2020. In this order, the court summarized all of the testimony from the hearing and concluded that Metro had failed to prove that MacPherson did not permanently reside at the property. Therefore, the court dismissed the citation issued by Metro.

[3] Metro Code § 17.16.250(E)(4)(f) (current version at M.C.L. § 6.28.030(A)(5)(f)) provides:

Petitioner is completely precluded from obtaining a STRP for the Property on the basis that it contains more than four (4) bedrooms" and to decree that Metro's actions were in violation of state and/or federal law. Metro answered and raised the defenses of failure to state a claim for which relief can be granted, res judicata, and failure to allege a justiciable controversy. Both parties filed motions for summary judgment.

The chancery court heard arguments on the cross motions for summary judgment and, on August 29, 2023, entered a final order and memorandum. The court rejected Metro's defenses and reached the merits. The court found the metro code provisions constitutional and granted Metro's motion for summary judgment.

Mr. MacPherson has appealed from the chancery court's order and raises the following issues: (1) Whether the trial court erred in finding that the application of M.C.L. § 17.04.060 and M.C.L. § 17.16.250(E)(4)(f) against him did not violate his fundamental right to freedom of assembly; (2) whether the trial court erred in finding that the application of M.C.L. § 17.04.060 and M.C.L. § 17.16.250(E)(4)(f) against him did not violate his fundamental right to privacy; and (3) whether Metro demonstrated a rational basis for the enforcement of M.C.L. § 17.04.060 and M.C.L. § 17.16.250(E)(4)(f) against him.

Metro has raised the following issues in response to Mr. MacPherson's appeal: (1) Whether the trial court should have held that the doctrine of res judicata bars Mr. MacPherson from challenging the constitutionality of M.C.L. § 17.04.060; (2) whether the trial court should have dismissed Mr. MacPherson's petition on justiciability grounds; and (3) whether the trial court correctly found that the challenged ordinance is constitutional.

STANDARD OF REVIEW

We review a trial court's summary judgment determination de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). This means that "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We "must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor." *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *see also Acute Care Holdings, LLC v. Houston Cnty.*, No. M2018-01534-COA-R3-CV, 2019 WL 2337434, at *4 (Tenn. Ct. App. June 3, 2019).

---

Maximum occupancy. The maximum number of occupants permitted on an STRP property at any one time shall not exceed more than twice the number of sleeping rooms plus four. Simultaneous rental to more than one party under separate contracts shall not be allowed. The occupancy maximum shall be conspicuously posted within the STRP unit. Advertising a STRP for more occupants than allowed by this regulation shall be grounds for revocation of the permit.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. A disputed fact is material if it is determinative of the claim or defense at issue in the motion. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must submit evidence either "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264. Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id.* at 265 (quoting TENN. R. CIV. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that "set forth specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." TENN. R. CIV. P. 56.06. If the moving party fails to show that he or she is entitled to summary judgment, however, "'the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails.'" *Martin*, 271 S.W.3d at 83 (quoting *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)).

ANALYSIS

I.      Res judicata

The trial court concluded that Mr. MacPherson's declaratory judgment action was not barred by the doctrine of res judicata. Metro argues that res judicata bars Mr. MacPherson from challenging the constitutionality of M.C.L. § 17.04.060 in this matter. The determination of whether a claim is barred by res judicata presents a question of law, which we review de novo without a presumption of correctness. *Regions Bank v. Prager*, 625 S.W.3d 842, 848 (Tenn. 2021).

The doctrine of res judicata, or claim preclusion, "'bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit.'" *Elvis Presley Enters., Inc. v. City of Memphis*, 620 S.W.3d 318, 323-24 (Tenn. 2021) (quoting *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012)). The underlying principle is that "'a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so.'" *Regions Bank*, 625 S.W.3d at 847 (quoting RESTATEMENT (SECOND) OF JUDGMENTS, ch. 1, at 6). To establish the defense of res judicata, a party must prove the following elements: "'(1) that the underlying judgment was rendered by a court of

- 4 -

competent jurisdiction; (2) that the same parties or their privies were involved in both suits; (3) that the same claim or cause of action was asserted in both suits; and (4) that the underlying judgment was final and on the merits.'" *Id.* at 847-48 (quoting *Elvis Presley Enters.*, 620 S.W.3d at 324).

Thus, we must examine whether these elements have been proven as to the two cases at issue here: the environmental court enforcement action concerning the code violation and the chancery court declaratory judgment action. There is no dispute that the same parties are involved in both suits. Therefore, we will consider the remaining three elements.

### A. Underlying judgment by a court of competent jurisdiction

The requirement that the underlying judgment was rendered by a court of competent jurisdiction means that the judgment must have been issued by a court that had the power to decide the case. *Collins v. Sams E. Inc.*, No. W2107-00711-COA-R3-CV, 2018 WL 1299857, at *2 (Tenn. Ct. App. Mar. 13, 2018). The Environmental Court for Davidson County, a division of the general sessions courts, has jurisdiction over violations of Metro ordinances. Metro's charter states that Metro's general sessions courts "shall have exclusive jurisdiction to hear, try and dispose of cases involving the breach of any and all [Metro] ordinances." Metro Charter § 14.02; *see also* Tenn. Code Ann. § 7-3-311.[4]

Mr. MacPherson's argument here is that res judicata does not apply because general sessions courts in Davidson County are not courts of record and, therefore, do not have the authority under Tenn. Code Ann. § 29-14-102(a)[5] to enter declaratory judgments. Mr. MacPherson is correct that the environmental court, as a general sessions court, was not a court of record and, therefore, could not grant declaratory relief under Tenn. Code Ann. § 29-14-102(a). We disagree, however, that this fact prevents application of res judicata to this case. The relevant caselaw makes clear that res judicata "will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation." *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998). The key question then is whether the constitutionality of the ordinance could have been raised and considered in the general sessions court. Mr. MacPherson does not argue that the environmental court lacked the authority to rule on the constitutionality of the ordinance in the context of the enforcement action, and this Court has found nothing indicating that the environmental court lacked such authority. In other words, Mr. MacPherson, without requesting that the

---

[4] Tennessee Code Annotated section § 7-3-311(f) authorizes a metropolitan government to vest "jurisdiction to hear, try and dispose of all cases arising under the . . . ordinances . . . of the metropolitan government" in the general sessions courts.

[5] Tennessee Code Annotated section 29-14-102(a) states that, "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

court issue a declaratory judgment, could have argued in the environmental court that the ordinance did not apply to him due to its unconstitutionality, and the ordinance's constitutionality could have been litigated in the enforcement action before the environmental court. We conclude that this element was satisfied.

B. Same cause of action asserted in both actions

In *Creech v. Addington*, 281 S.W.3d 363, 380 (Tenn. 2009), our Supreme Court adopted the transactional standard for determining whether a prior judgment and a pending case constitute the same cause of action for purposes of res judicata. Under this approach, two suits are considered the same cause of action for res judicata purposes "where they arise out of the same transaction or a series of connected transactions." *Creech*, 281 S.W.3d at 381. In arguing against the application of res judicata, Mr. MacPherson describes the enforcement action as "the adjudication of a violation for advertising 5 bedrooms under a 2017 permit only permitting the use of 4 bedrooms" and the declaratory judgment action as a claim that he was "wrongfully denied the issuance in 2020 of a permit allowing for the operation of a 5-bedroom home." He further attempts to distinguish the two cases on the basis that one of the two ordinances at issue here, M.C.L. § 17.16.250(E)(4)(f), was not involved in the enforcement action. For the reasons set forth below, the alleged distinctions do not make a difference under the transactional standard.

Mr. MacPherson's 2017 permit applied to the period from July 10, 2017, through July 10, 2023. In February 2019, Metro filed a civil warrant against Mr. MacPherson for advertising excess bedrooms on STRP platforms in violation of M.C.L. § 17.04.060, which defines an STRP—owner-occupied as "an owner-occupied residential dwelling unit containing not more than four sleeping rooms that is used and/or advertised through an online marketplace for rent for transient occupancy by guests." Mr. MacPherson was found guilty of this violation by the environmental court, and then appealed that decision to circuit court. In December 2022, Mr. MacPherson filed the petition for declaratory judgment in chancery court claiming that his rights were affected by Metro's enforcement of M.C.L. §§ 17.040.060 and 17.16.250(E)(4)(f), which provides that "the maximum number of occupants permitted on a STRP property at any one time shall not exceed more than twice the number of sleeping rooms plus four." Mr. MacPherson requested a reversal of Metro's decision to enforce these two ordinances "such that Petitioner is completely precluded from obtaining a STRP for the Property on the basis that it contains more than four (4) bedrooms." In both suits, Mr. MacPherson's grievance was that Metro's ordinances wrongfully prevented him from having an STRP with five bedrooms. Moreover, in both suits, the permitting period at issue was covered by Mr. MacPherson's permit issued on July 13, 2017, and valid through July 13, 2023.

Mr. MacPherson argues that the enforcement decision of the environmental court in August 2019 should not preclude him from challenging the alleged wrongful denial of his request for a permit for the operation of a 5-bedroom STRP in November 2020. In his

declaratory judgment action, Mr. MacPherson claims that Metro acted illegally when it rejected his application for a 5-bedroom permit in November 2020. Metro claims that Mr. MacPherson did not actually submit an application for a permit in November 2020 and that a zoning administrator conducted an informal, preliminary review of his application materials.[6] For purposes of the res judicata analysis, the question is whether the environmental court action and the declaratory judgment action arose "out of the same transaction or series of connected transactions." *Creech*, 281 S.W.3d at 381. In both instances, Mr. MacPherson was seeking to advertise and use the Porter Road property with five bedrooms, rather than the maximum of four required by the Metro ordinances. Moreover, both suits relate to the permitting period for which he had already received a permit in July 2017. Mr. MacPherson could have challenged the constitutionality of the ordinances during the enforcement action, and he did raise the constitutional issue in the circuit court appeal before he dismissed it. We consider these two actions to be the same for purposes of res judicata.

C. Underlying judgment is final and on the merits.

After Mr. MacPherson dismissed his circuit court appeal, the environmental court judgment, which was on the merits, became final. The issue of Mr. MacPherson's code violation was heard by the environmental court referee and then again by the environmental court judge.

Based upon the foregoing analysis, we conclude that the trial court erred in failing to dismiss Mr. MacPherson's declaratory judgment action as barred by the doctrine of res judicata.

II. Constitutional challenge

Even if res judicata were not a bar to Mr. MacPherson's declaratory judgment action, we see no constitutional impediment to Metro's application of the ordinances.

In his declaratory judgment petition, Mr. MacPherson asserts that the ordinances "restrict the gathering of persons on private property without a rational health, safety and/or

---

[6] Mr. MacPherson sent an email to the Metro Codes Department on November 4, 2020, inquiring about submitting a new application on the Porter Road property. A Metro zoning examiner asked Mr. MacPherson to email his documents for review. The next day, Mr. MacPherson emailed the Metro zoning administrator again asking if he could renew his 2017 permit and attaching application materials. The zoning administrator then informed Mr. MacPherson that no permit could be issued until August 2022 due to the property being subject to an injunction prohibiting him from applying for an STRP for three years pursuant to an order related to a separate code violation. When Mr. MacPherson asked the administrator to review his application anyway, the examiner's comments included a remark that the floor plan showed six bedrooms and that the property could not have more than four.

welfare basis in violation of the 'right to privacy' under the First Amendment of the United States Constitution and under Article 1, section 23 of the Tennessee State Constitution." In rejecting Mr. MacPherson's constitutional challenge, the trial court stated, in pertinent part, as follows:

> MacPherson has pointed the Court to no authority analyzing the breadth of the Tennessee Constitution's assembly clause but asks the Court to favorably compare it to that of Texas and apply the *Zaatari* analysis. The Court cannot do that given the difference between the ordinances and the constitutions. The Court does not find MacPherson's position regarding the assembly clause supported by Tennessee law. In fact, one of the few cases analyzing the Tennessee Constitution's right of assembly did so in a free speech context, stating "[t]he rights of citizens to assemble for their common good, whether social, political, esthetic, or moral, may come in conflict with the rights of other citizens to express their views. Neither right is absolute." *State v. Ervin*, 40 S.W.3d 508, 515 (Tenn. Ct. App. 2000). MacPherson has identified no authority that implicates rights under the U.S. or Tennessee Constitution's right to assembly.

> Similarly, the Court finds no support for MacPherson's position that either constitution['s] provisions affording a right of privacy is applicable to this case. Indeed, his only argument is that dicta from U.S. Supreme Court cases regarding the right of privacy prevent Metro from setting limitations on the use of one's 'own house.'" *Zaatari [v. City of Austin*, 516 S.W.3d 172, 200 (Tex. Ct. App. 2019)] (citing *Stanley v. Georgia*, 394 U.S. 557, 565 (1969).

> Given that neither constitutional protection applies, Metro is entitled to judgment if it can present a rational basis for the STRP limitations. It asserts that "preserving the residential nature of residential properties meets the rational basis test." The Court agrees. As a component of this reasoning, the Court finds that the potential nuisance and disturbance of neighbors, as well as traffic and other conditions, can be created by STRPs operating in residential areas. Efforts to preserve a sense of community and residential characters are matters concerning the public's well-being that is reasonably related to the ordinances' purpose.

(Citations to court record omitted). We agree with the trial court. The application of these Metro ordinances to Mr. MacPherson does not implicate fundamental constitutional rights and, therefore, the ordinances will be upheld if supported by a rational basis. *See Riggs v. Burson*, 941 S.W.2d 44, 48 (Tenn. 1997). Under the rational basis inquiry, "if any reasonable justification for the law may be conceived, it must be upheld by the courts." *Id.* The ordinances' limitations on bedrooms in STRPs represent a reasonable exercise of the

police power in that, as the trial court stated, they help preserve the residential nature of residential neighborhoods. *See, e.g.*, *City of Jackson v. Shehata*, No. W2005-01522-COA-R3-CV, 2006 WL 2106005, at *7 (Tenn. Ct. App. July 31, 2006) ("A fundamental purpose of zoning legislation may be to create and maintain residential districts to exclude businesses.").[7]

We affirm the trial court's decision to grant Metro's motion for summary judgment and dismiss the matter with prejudice on the alternative basis that the matter was barred by res judicata.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Devon MacPherson, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[7] Given our conclusions with respect to the other issues on appeal, we decline to address the justiciability issue raised by Metro.