IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2024

## WILLIAM D. CROWDER v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. 0546-GL-23-0306802-001        James A. Haltom, Commissioner**

_____

### No. M2023-01288-COA-R3-CV

_____

This case involves the claimant's *pro se* appeal from the Tennessee Claims Commission's dismissal, on *res judicata* grounds, of his claims of libel and malicious prosecution against the State of Tennessee. The claimant timely appealed to this Court. Because the claimant's appellate brief does not comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we hereby dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

William D. Crowder, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter, and Meghan Murphy, Senior Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

### I. Factual and Procedural Background

---

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On June 4, 2021, the claimant, William Crowder, was arrested and charged with seven counts of "possession, distribution, or sale of child-like sex dolls." In May 2022, Mr. Crowder filed a claim with the Tennessee Claims Commission ("the Commission"), bearing claim number 0546-GL-21-0503934-001 ("the First Claim"), against the State of Tennessee ("the State") for alleged violations of the law related to his arrest.[2] Mr. Crowder averred that the State had engaged in "malicious prosecution," "libel," and violation of his "Fourteenth Amendment rights."[3] On September 14, 2022, the charges resulting from Mr. Crowder's June 4, 2021 arrest were resolved when Mr. Crowder pled *nolo contendere* to one misdemeanor charge of "possession of a child-like sex doll." On December 6, 2022, upon motion of the State, the Commission dismissed the First Claim for failure to state a claim upon which relief could be granted.

In May 2023, the Tennessee Department of Treasury Division of Claims and Risk Management ("the Division") received notice of a second claim from Mr. Crowder, also related to his June 4, 2021 arrest. The Division designated this second claim as number 0546-GL-23-0306802-001 ("the Second Claim") and subsequently transferred the Second Claim to the Commission pursuant to Tennessee Code Annotated Section 9-8-402(c) (West May 4, 2017, to current). Mr. Crowder timely filed two identical copies of a complaint formalizing his claims before the Commission on June 1, 2023, both of which were titled "Pro Se Claim for a Civil Case." *See, e.g.*, *Mitchell v. State*, No. M2022-00696-COA-R3-

---

[2] Although the First Claim does not appear in the record, the record indicates that Mr. Crowder initially filed notice of this claim with the Tennessee Department of Treasury Division of Claims and Risk Management as required by Tennessee Code Annotated Section 9-8-402(a)(1) (West May 4, 2017, to current) and subsequently filed a formal complaint before the Commission, as required. *See Kampmeyer v. State*, 639 S.W.3d 21, 28 (Tenn. 2022) (overruling *Hunter v. State*, No. 01-A-01-9210-BC00425, 1993 WL 133240 (Tenn. Ct. App. Apr. 28, 1993) and holding that the plain language of Tennessee Code Annotated § 9-8-402(a)(1) "requires claimants to give written notice of their claim 'to the division of claims and risk management as a condition precedent to recovery.'") (citation omitted).

[3] On June 3, 2022, Mr. Crowder filed a similar complaint in the Twentieth Circuit Court for Davidson County ("circuit court"), bearing case number 22C1090, also alleging "malicious prosecution and libel," and naming as individual defendants Secretary of State Tre Hargett, District Attorney Glenn Funk, Tennessee Bureau of Investigation Director David Rausch, and Special Agent Robert Burghardt. After a hearing conducted on August 19, 2022, the circuit court dismissed the case for failure to state a claim upon which relief could be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). On December 13, 2022, Mr. Crowder filed a second complaint with the circuit court, bearing case number 22C2547, alleging the same facts and seeking the same relief as in his previous claims before the circuit court. Mr. Crowder again named as defendants Secretary Hargett, District Attorney Funk, Tennessee Bureau of Investigation Director Rausch, and Agent Burghardt. The circuit court entered two orders of dismissal in case number 22C2547. In the first, entered on March 30, 2023, the court dismissed the case with prejudice as to defendants Director Rausch and Agent Burghardt on *res judicata* grounds. In the second, entered on April 6, 2023, the court dismissed the case as to defendants Secretary Hargett and District Attorney Funk on *res judicata* grounds or, in the alternative, based upon those defendants' immunity from liability. Mr. Crowder addresses only his Second Claim with the Commission in his appellate brief, and has not appealed the determination of the circuit court.

CV, 2023 WL 5098597, at \*4 (Tenn. Ct. App. Aug. 9, 2023), perm. app. denied (Tenn. Apr. 18, 2024) (noting the process whereby a plaintiff properly formalizes a complaint after their claim has been transferred from the Division to the Commission). In the complaint filed with the Commission, Mr. Crowder named the State of Tennessee as defendant and alleged "libel," "Official Misconduct," and "Aggravated Perjury," against it. Mr. Crowder sought $2.3 million in "monetary relief." The State filed a motion to dismiss the Second Claim on *res judicata* grounds, and Mr. Crowder filed a response in opposition to the motion and a request for a hearing.

On August 4, 2023, the Commission entered an order granting the State's motion to dismiss the Second Claim and denying Mr. Crowder's motion for a hearing as moot. In the order, the Commission determined that Mr. Crowder's claims were barred by the doctrine of *res judicata* because Mr. Crowder had brought identical claims against the State in the First Claim and those claims had been dismissed on their merits. In so determining, the Commission analyzed the four elements of *res judicata*, as outlined in *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998), and found that they had been met. The Commission further determined that the Second Claim was "futile" because it would also fail on the merits.[4] Mr. Crowder timely appealed.

## II. Failure to Comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6

As a threshold matter, we address the State's argument that Mr. Crowder has "waived all issues on appeal" for failure to comply with Tennessee Rule of Appellate Procedure 27 and the Rules of this Court. The State contends that Mr. Crowder has "not listed any issues for appeal but rather provided a summary of the allegations made in his four complaints." We have conducted a thorough review of Mr. Crowder's appellate brief and hereby determine that the brief fails to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6.

We recognize that Mr. Crowder is a *pro se* litigant and respect his decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party

---

[4] The Commission expressly incorporated into its findings its previous order dismissing the First Claim for failure to state a claim upon which relief could be granted, but the order dismissing the First Claim is not included in the record.

who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (internal citations omitted). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. May 20, 2010) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

Tennessee Rule of Appellate Procedure 27 succinctly and clearly outlines those elements required for a brief on appeal:

(a)    Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1)    A table of contents, with references to the pages in the brief;

(2)    A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

* * *

(4)    A statement of the issues presented for review;

(5)    A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6)    A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)    An argument, which may be preceded by a summary of argument, setting forth:

(A)    the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief,

- 4 -

with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

    (B)    for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

    (8)    A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

    (a)    Written argument in regard to each issue on appeal shall contain:

        (1)    A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

        (2)    A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

        (3)    A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

        (4)    A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

    (b)    No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Taking into account and respecting Mr. Crowder's *pro se* status, we still must conclude that his appellate brief contains significant deficiencies with regard to the above-

- 5 -

listed requirements. Although Mr. Crowder's brief includes sections entitled, "Table of Authorities," "Statement of Issues," "Statement of Case," and "Argument," each of these sections is deficient and fails to comport with Rule 27. The "Table of Authorities" lists one article from the Constitution of the United States and one Tennessee statute but does not refer to any pages of Mr. Crowder's brief wherein those laws are cited, as required by Tennessee Rule of Appellate Procedure 27(a)(2). The "Statement of Issues" section is deficient because it does not include a list of issues for this Court's review. Instead, Mr. Crowder uses this section to recapitulate his claims of libel and malicious prosecution against the State. *See* Tenn. R. App. P. 27(a)(4); Tenn. Ct. App. R. 6. The "Statement of Case" section is deficient because it does not mention the course of proceedings below or the disposition of the Commission and is devoid of citations to the record or relevant authority. *See* Tenn. R. App. P. 27(a)(5); Tenn. Ct. App. R. 6. The "Argument" section is deficient because it contains no standard of review, no alleged erroneous action on the part of the Commission in rendering its final judgment, and no citations to the record or to any relevant authority. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. App. R. 6. Additionally, the brief contains no statement of facts, which is also required. *See* Tenn. R. App. P. 27(a)(6).

As this Court has previously explained with regard to proper citations to the record and to legal authority in an appellate brief:

> Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean*, we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." *Id*. at 56; *see also Newcomb v. Kohler Co*., 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb*, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb*, 222 S.W.3d at 400. It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument. *Bean*, 40 S.W.3d at 56.

*Chiozza v. Chiozza*, 315 S.W.3d at 489.

The entirety of Mr. Crowder's appellate brief contains only two citations to the record, both located in the "Statement of Issues" section. Similarly, the brief contains only two citations to legal authority, also found in the "Statement of Issues" section, but Mr. Crowder neither attempts to explain how the Commission misinterpreted these laws nor what issues should form the basis of our review. Considering this dearth of citations to the record and to legal authority, we conclude that the deficiencies within Mr. Crowder's brief are sufficiently significant such that it is impossible for this Court to discern upon what

relevant facts and legal basis the arguments therein are made in order to conduct a meaningful review. As this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014):

> We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless . . . we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

Similarly, here, we cannot unfairly disadvantage the State in this matter by digging through the record to verify Mr. Crowder's assertions in his brief because this would be tantamount to serving as Mr. Crowder's attorney. *See id*.

Moreover, this Court has previously explained that it is "under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000). Our Supreme Court has instructed:

> It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.

*Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). Although we may suspend the requirements of Rule 27 for "good cause," "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55. Therefore, to the extent that Mr. Crowder has stated any appealable issues in his appellate brief, such issues are deemed waived. *See id*.

### III. Conclusion

For the reasons stated above, all issues raised by Mr. Crowder are deemed waived for failure to comply with the Tennessee Rules of Appellate Procedure and the Tennessee Court of Appeals Rules, and the appeal in this matter is accordingly dismissed. This case is remanded to the Commission for enforcement of its judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, William D. Crowder.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE